HARRISON *v*. MCMILLAN.

(*Knoxville.*   September Term, 1902.)

1. **JUSTICE'S WARRANT.** **Evidence under must be confined to cause of action stated in.**

Upon the trial in the circuit court of a suit instituted by warrant before a justice of the peace and appealed therefrom to the circuit court, the proof must be confined to the cause of action averred in the warrant and it is error for the trial judge to admit evidence of facts constituting a cause of action not embraced in the warrant. (*Post, pp.* 79-80.)

Cases cited and approved: Watkins *v*. Kittrell, 3 Bax., 38; Sale *v*. Eichberg, 105 Tenn., 333-346.

2. **SAME.** **Illustration of rule—This case.**

In support of a warrant which averred plaintiff's cause of action to be a "debt due by board account under five hundred dollars," it was error to admit evidence of the value of the services of plaintiff's wife in nursing the wife of defendant and to instruct the jury that there could be a recovery therefor as well as for board. (*Post, pp.* 79, 80.)

3. **HUSBAND AND WIFE.** **Wife's authority to bind.**

A wife in the absence of objection interposed by the husband, has the lawful right to invite her kinsfolk and friends to her husband's home; and a guest so invited can not, after departure, be made liable for board and lodging at the suit of the husband. (*Post, pp.* 80, 82.)

4. **SAME.** **Husband's rights as head of family preserved by what.**

The rule above stated does not interfere with husband's common law rights as head of the family, because the wife's right depends upon the failure of the husband to object when the invitation is given and accepted. (*Post, p.* 82.)

5. **SAME. Marital relation in this country—presumption therefrom.**

The guest coming, with a lawful and honorable purpose, to the husband's home, upon the invitation of the wife, has the right to infer full authority in the wife to make the invitation, in the absence of known objection upon the part of the husband; and this presumption arises from and is bound upon the marriage relation in this country and the post of honor and esteem the wife occupies in our modern domestic arrangements. (*Post, p.* 82.)

6. **EVIDENCE. Exclusion of, error, when.**

Upon suit for board of defendant's wife, it is error to exclude testimony tending to show that defendant brought his wife to home of plaintiff on the invitation of plaintiff's wife. (*Post, p.* 81.)

7. **SAME.**

In an action for board of the serving girl of defendant's wife, it was error to exclude testimony showing that the serving girl accompanied the wife of defendant to the home of plaintiff upon request of the wife of plaintiff in order to assist in the housework, because such testimony was competent as bearing upon the value of the board to be charged, if any, for said servant. (*Post, p.* 83.)

---

FROM KNOX.

---

Appeal in error from the Circuit Court of Knox County. JOSEPH W. SNEED, Judge.

INGERSOLL & PEYTON, for Harrison.

J. C. J. WILLIAMS and J. W. DRUMMOND, for McMillan.

Harrison v. McMillan.

MR. JUSTICE NEIL delivered the opinion of the Court.

The judgment of the circuit court in this case must be reversed, and the cause remanded for a new trial, for the following reasons:

1. The cause of action stated in the warrant, on which the case was tried before the justice of the peace, from whose judgment the appeal was taken to the circuit court, was as follows: "Debt due by board account under five hundred dollars." His honor, the circuit judge, allowed testimony to be introduced not only showing that Mrs. Harrison was sick when she came to the home of the plaintiff below (which was not controverted), but also other testimony to the effect that the plaintiff's wife waited on her in her illness for about four weeks, and that the services of the plaintiff's wife, according to her own estimate, were reasonably worth for such nursing $1 per day; also testimony that the services of professional or trained nurses were worth from $2 to $5 per day, "and the plaintiff's wife was an intelligent and attentive nurse." The court also, in charging the jury, told them that the action was not only for board, but also for nursing the defendant's wife in the illness above referred to, and that plaintiff might recover for the nursing as well as for the board, and that it would be their duty to ascertain from the testimony what would be a reasonable charge for the nursing as well as for the board. It is clear from the

record that the jury must have allowed, and did al-
low, something for the nursing. The error was there-
fore hurtful. That it was error on the trial of the
case in the circuit court to allow testimony of a cause
of action not embraced in the warrant is shown by
the case of *Watkins* v. *Kittrell,* 3 Baxt., 38. And
see *Sale* v. *Eichberg,* 105 Tenn., 333-346 (59 S. W.,
1020; 52 L. R. A., 894).

2. Defendant below offered to prove by himself
and his daughter, Josie, that a day or two just im-
mediately preceding his bringing his wife to plain-
tiff's home, while he and his daughter, Josie, were
at plaintiff's home, and before he returned to his own
home to get his wife, "plaintiff's wife invited and
urged him to bring his wife down to plaintiff's house,
so that she and her mother might have her with them
for a while;" but, on objection of plaintiff, the court
below excluded this testimony as incompetent. To
this action of the court, defendant excepted, and has
assigned error thereon.

To properly understand this matter, it should
be stated that it is conceded that plaintiff's
wife and defendant's wife were sisters, and,
further, that no testimony was offered in the court
below tending to show that plaintiff had at any time
forbidden his wife to invite her relatives to his home.
There was, however, evidence tending to show that
when defendant first brought his wife to plaintiff's
house he said that he would compensate plaintiff "for

Harrison v. McMillan.

staying with him;" but there was no evidence tending to show that plaintiff at the time accepted the proffer then made, if such proffer was in fact made. There was also evidence tending to show that prior to the last invitation, which defendant, as above stated, offered to prove had been given him by plaintiff's wife, the wife of plaintiff had written several affectionate letters to her sister, defendant's wife, urging her to make a visit to her; also that plaintiff himself had previously invited defendant's wife to make the visit; but that all invitations had been declined prior to the last, on account of the very low state of health of defendant's wife. The proof further tended to show that the letters of the wife were written at various dates running from June 1 to September 21, 1899, and that the invitation which the husband, the plaintiff himself, gave, was extended between September 21st and the close of that month; also that the last invitation which plaintiff's wife is said to have given, and which defendant offered to prove, as before stated, by himself and his daughter Josie, was given, if given at all, on the 1st or 2d day of October; that this was the last invitation given by either plaintiff or his wife, and that defendant immediately thereafter went home, and conveyed his wife to plaintiff's house. In short, if this testimony had been admitted, it would have tended to show that defendant brought his wife to plaintiff's home on invitation of the plaintiff's wife.

Harrison v. McMillan.

We think the exclusion of this testimony was error.  A wife, in the absence of objection interposed by her husband, has the lawful right to invite her kinsfolk and friends to her husband's home; and if such guests come on the wife's invitation, and remain without notice of the husband's objection to their presence, the husband can not, after they depart, bring an action for board and lodging.  This does not interfere with the husband's common-law right to be and to act as the head of the family.  The qualification that the wife's right depends upon the absence of objection on his part fully preserves the husband's authority.  But in the absence of known objection on the part of the husband, any guest that comes, with a lawful and honorable purpose, to the husband's home, on the wife's invitation, has the right to infer and believe that the wife is acting with the husband's consent.  This presumption is based upon the nature of the marriage relation in this country, the post of honor and esteem the wife occupies in our modern domestic arrangements, and the mutual confidence and respect that the law delights to believe usually exists between the married pair, and which, in our modern days, it always encourages. Probably no such presumption could be indulged in the early days of the common law, when the wife was but the husband's servant; but the laws are tempered and refined as social development proceeds, and this humanizing tendency is shown no more truly

in statutes than in that larger body of law slowly evolving in the lucubrations of courts. In the present case there is the less difficulty in indulging the presumption of the husband's consent because of the conceded fact that both the husband and wife had previously, and only a short time previously, each invited the defendant's wife to visit the plaintiff's home.

3. The court below also erred in excluding the following testimony, viz.: Defendant offered to prove by himself and his daughter, Josie, that after he had brought his wife to plaintiff's house, and just before he brought down the serving girl, Fanny Duncan, to assist in doing the housework, plaintiff's wife had requested defendant to bring the said Fanny Duncan to assist in the housework, etc. This testimony was competent as bearing upon the value of the board to be charged, if any, for the said Fanny.

It is unnecessary to refer specifically to the objections made concerning his honor's failure to give the jury instructions sufficiently full as to the effect and bearing of an invitation to visit the plaintiff's house, and the acceptance thereof, upon the asserted right to charge thereafter for board and lodging. No doubt this error will be avoided upon the next trial.

For the errors indicated, the judgment of the court below will be reversed, and the cause remanded for a new trial.